1  Stephen R. Pappas, Esq./Bar No. 158560
2  550 South California Ave., Suite 320
   Palo Alto, California 94306
3  Telephone:    (650) 858-8400
   Facsimile:    (650) 858-84
4  Email:  steve@stephenpappas.com

   **Attorney for Plaintiff**
5  **William A. Ashman**

FILED

2008 MAR 13  A 10: 32

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

E-FILING

ADR

Feepaid
S1
5

6

7

8              **UNITED STATES DISTRICT COURT**

9            **NORTHERN DISTRICT OF CALIFORNIA**

10                      **AT SAN JOSE**

11
                   **C08   01430** HRL

12   Case No.:

13   WILLIAM A. ASHMAN,

14   Plaintiff,                      **COMPLAINT FOR DAMAGES FOR
                                     DISCRIMINATION IN EMPLOYMENT
     vs.                            BASED ON DISABILITY AND AGE, IN
15                                   VIOLATION OF:  (1) 42 U.S.C. §§ 12101
     SOLECTRON CORPORATION, a       *ET SEQ.*; (2) 29 U.S.C. §§ 623 *ET SEQ.*;
16   Delaware Corporation, and DOES 1  AND (3) CAL. GOV. CODE SECTION
     through  10, inclusive,         12940(a);
17
     Defendants.                      **AND JURY DEMAND**
18

19

20

21        COMES NOW Plaintiff William A. Ashman ("Plaintiff"), by and through his attorney of

22   record herein, Stephen R. Pappas, Esq., and by way of Complaint against Defendants, hereby

23   alleges as follows:

24   ///

25   ///

26

                              1

## I.    INTRODUCTION

1.    Plaintiff was employed by Defendant Solectron Corporation, a Delaware corporation ("Solectron"), for 20 months, commencing July 21, 2003.  On September 15, 2004, Plaintiff, age 53 at the time, was diagnosed with cancer.  Plaintiff notified Solectron of his cancer on September 15, 2004.  As a result of medical treatment for his cancer, Plaintiff took a leave of absence from his employment with Solectron from October 22, 2004 to February 21, 2005.  Defendant Solectron was at all times aware that Plaintiff's leave of absence was for medical treatment of his cancerous condition.  Upon information and belief, during Plaintiff's leave of absence, Solectron selected him for termination effective March 31, 2005 because of the fact that he was on leave of absence for cancer, and because of his age.  Upon information and belief, on March 31, 2005, Defendant Solectron terminated Plaintiff's employment because of the fact that he was on leave for his cancer disability, and because of his age.  Plaintiff now brings this action for wrongful termination under federal and state law.

## II.    JURISDICTION AND VENUE

2.    Original subject matter jurisdiction lies in this court pursuant to 28 U.S.C. § 1331 by virtue of the presentation of questions of federal law under 42 U.S.C. §§ 12101 *et seq.* and 29 U.S.C. §§ 623 *et seq.*

3.    At all times relevant hereto, Plaintiff Ashman resided in San Jose, California and was employed by Solectron at its place of business located at 1007 Gibraltar Drive, Milpitas, California.  Venue therefore lies in the Northern District of California pursuant to 28 U.S.C. § 1391(b)(1) and (2).

4.    Plaintiff filed a charge of disability and age discrimination against Defendant Solectron in relation to the facts alleged in this Complaint with the United States Equal Opportunity

Commission ("EEOC") on April 6, 2005, and was issued a Right-to-Sue letter on this charge, which was mailed to Plaintiff by the EEOC on or about December 19, 2008 and received by him on or about December 21, 2008, a true and correct copy of which is attached hereto as Exhibit "B" and the contents of which are incorporated herein by this reference.

## III. GENERAL ALLEGATIONS

5.    Plaintiff does not know the true names of defendants DOES 1 through 10, inclusive, and therefore sues them by those fictitious names. Plaintiff is informed and believes, and on the basis of that information and belief alleges, that each of those defendants were in some manner proximately responsible for the events and happenings alleged in this complaint and for Plaintiff's injuries and damages.

6.    Plaintiff is informed and believes, and on the basis of that information and belief alleges, that at all times mentioned in this complaint, defendants were the agents and employees of their codefendants, and in doing the things alleged in this complaint were acting within the course and scope of that agency and employment.

7.    In July, 2003, Solectron hired Plaintiff as an information technology officer to perform services at 1007 Gibraltar Drive, Milpitas, California.  At all times relevant to the causes of action set forth in this Complaint, Plaintiff's job title with Solectron was IT Server Administrator.

8.    Upon information and belief, at all times relevant hereto, and in particular, for a period of at least one year preceding any acts of discrimination alleged herein, in each working day Solectron employed 50 or more people within a 75 mile radius of 1007 Gibraltar Drive, Milpitas, California.

9.    As of the date of termination of his employment with Solectron, March 31, 2005, Plaintiff's salary was $81,600.00 per year. The year prior to his termination, 2004, Plaintiff had been awarded a performance bonus by Solectron of $4,759.15. During and as a result of his employment with Solectron, Solectron provided Plaintiff with a full panoply of additional benefits, including but not limited to medical and dental/vision insurance, with an approximate value of $40,800.00 per year.

10.    On or about September 15, 2004, Plaintiff was diagnosed with cancer.

11.    On or about September 25, 2004, Plaintiff advised his supervisor and staff members of Solectron's Human Resources Department that he suffered from cancer.

12.    On or about October 22, 2004, acting pursuant to physician's instructions, Plaintiff took leave of absence from Solectron while undergoing radiation therapy and chemotherapy for his cancer. Prior to taking this leave, Plaintiff notified Solectron of his intent to take this leave, and the above-alleged reason for this leave. Solectron granted Plaintiff this leave of absence without any expressed reservation.

## IV. FIRST CAUSE OF ACTION: VIOLATION OF AMERICANS WITH DISABILITIES ACT (42 U.S.C. §§ 12101 *et seq.*)

13.    Plaintiff hereby incorporates by this reference as though fully set forth herein paragraphs 1 through 12 of this complaint.

14.    This cause of action is brought pursuant to 42 U.S.C. §§ 12101 *et seq.*, the Americans with Disabilities Act ("ADA").

15.    Under the ADA, the term "qualified individual with a disability" means an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires. 42 U.S.C. § 12111(8). Plaintiff is a qualified individual with a disability under the ADA as (1) he has a

disability as he has cancer; (2) with or without reasonable accommodation, he can perform essential functions for the employment position he held.

16.    Under the ADA, Solectron had a duty to allow Plaintiff to continue employment if, with or without reasonable accommodations, Plaintiff could fulfill the essential functions of the position. 42 U.S.C. § 12112(b)(5). Solectron never instigated the interactive process to explore such an accommodation. Rather, upon information and belief, because of his disability and the fact that he had taken leave for medical treatment, Solectron terminated Plaintiff's employment on March 31, 2005. The granting of medical leave to Plaintiff would have been a reasonable accommodation, especially since his actual termination did not take place until after his return to duty when he was fully capable of performing all aspects of his job. Thus, Solectron breached its statutory duty to Plaintiff.

17.    As a proximate result of Solectron's actions as set forth above, Plaintiff has suffered harm, including lost earnings and other employment benefits, humiliation, embarrassment, mental anguish, physical distress, resultant medical expense, and attorneys' fees, all to his damage in an amount to be determined at trial.

18.    Plaintiff is informed and believes that Solectron acted with malice or with reckless indifference to Plaintiff's federally protected rights in terminating Plaintiff's employment, and thus Plaintiff seeks punitive damages.

## IV.  SECOND CAUSE OF ACTION: VIOLATION OF AGE DISCRIMINATION IN EMPLOYMENT ACT (29 U.S.C. §§ 623 *et seq.*)

19.    Plaintiff hereby incorporates by this reference as though fully set forth herein paragraphs 1 through 18 of this complaint.

20.    This cause of action is brought pursuant to 29 U.S.C. §§ 623 *et seq.*, the Age Discrimination in Employment Act (ADEA).

COMPLAINT FOR WRONGFUL TERMINATION

21.    As a person of an age greater than 40 years, Plaintiff was protected from discrimination in his employment based upon his age. 29 U.S.C. §§ 623, 631(a).

22.    By way of pleading in the cumulative, and in the alternative, upon information and belief a substantial factor in Solectron's decision to terminate Plaintiff's employment was his age.

23.    As a proximate result of Solectron's actions as set forth above, Plaintiff has suffered harm, including lost earnings and other employment benefits, humiliation, embarrassment, mental anguish, physical distress, resultant medical expense, and attorneys' fees, all to his damage in an amount to be determined at trial.

24.    Plaintiff is informed and believes that Solectron acted with malice or with reckless indifference to Plaintiff's federally protected rights in terminating Plaintiff's employment, and thus Plaintiff seeks punitive damages.

V.    **THIRD CAUSE OF ACTION: FAILURE TO ACCOMMODATE MEDICAL CONDITION (Cal. Gov. Code § 12940(a))**

25.    Plaintiff incorporates paragraphs 1 through 24 by this reference as though fully set forth herein.

26.    Defendant Solectron is a corporation organized and existing under the laws of the Delaware and is subject to suit under the California Fair Employment and Housing Act, California Government Code §§ 12900 et seq. ("FEHA"), in that Solectron regularly employs five or more persons (Cal. Gov. Code § 12926(d)).

27.    Plaintiff is a person with a medical condition entitled to protection under FEHA as Plaintiff has cancer. Under Cal. Gov. Code § 12926(h)(1), the term "Medical Condition" includes any health impairment related to or associated with a diagnosis of cancer or a record or history of cancer.

COMPLAINT FOR WRONGFUL TERMINATION

28.   Solectron was aware of plaintiff's medical condition, because Plaintiff informed Defendant of such medical condition on September 15, 2004

29.   On March 31, 2005, Solectron failed to reasonably accommodate Plaintiff's needs based on his medical condition in that Solectron terminated Plaintiff's employment despite the fact that Plaintiff had returned to work and was fully discharging his employment duties in a competent and satisfactory manner.

30.   At all times mentioned herein, Plaintiff was willing and able to perform the duties and functions of his position if such a reasonable accommodation had been made by Solectron. At no time would the performance of the functions of the employment position, with a reasonable accommodation for Plaintiff's medical condition have been a danger to Plaintiff's or any other person's health or safety, nor would it have created an undue hardship to the operation of Solectron's business.

31.   Solectron's actions against Plaintiff, as alleged above, constitute unlawful discrimination in employment on account of a medical condition, in violation of California Government Code Section 12940(a).

32.   As a proximate result of Solectron's discriminatory actions against Plaintiff, Plaintiff has been harmed in that Plaintiff has suffered the loss of the wages, salary, benefits, and additional amounts of money Plaintiff would have received if Solectron had not terminated Plaintiff's employment. As a result of such discrimination and consequent harm, Plaintiff has suffered damages in an amount to be determined according to proof.

33.   As a further proximate result of defendant's discriminatory action(s) against Plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered humiliation, mental anguish, and emotional and physical distress, including but not limited to high blood

COMPLAINT FOR WRONGFUL TERMINATION

1    pressure for which he has received medical treatment.  As a result of such discrimination and
2    consequent harm, Plaintiff has suffered such damages in an amount to be determined according to
3    proof.

4
5        34.    The above-recited actions of Solectron were done with malice, fraud, or oppression,
6    and in reckless disregard of the Plaintiff's rights under FEHA, in that Solectron knew that Plaintiff
7    took medical leave for treatment of his cancer condition, and knew of or disregarded the likelihood
8    that after a reasonable period of time Plaintiff would be able to return to his full employment
9    duties on a full time basis.  Particularly, Solectron disregarded the fact that, after Plaintiff returned
10   from his medical leave of absence, Plaintiff fully discharged his employment duties in a competent
11   manner.

12
13       35.    On April 6, 2005, and within one year of the date of the discrimination committed
14   by defendant, Plaintiff filed a charge of discrimination with FEHA. A copy of this charge is
15   appended hereto, marked "Exhibit A," and is incorporated by this reference as though fully set
16   forth.

17       36.    On December 19, 2007, FEHA (by and through the EEOC) issued to Plaintiff a
18   notice of right to bring a civil action based on the charge that is "Exhibit A" to this complaint. A
19   copy of this notice of right of action is appended hereto, marked "Exhibit B," and is incorporated
20   by this reference as though fully set forth.
21

22   **VI.  FOURTH CAUSE OF ACTION:  AGE DISCRIMINATION IN EMPLOYMENT**
23                      **(Cal.Gov. Code § 12940(a))**

24       37.    Plaintiff incorporates paragraphs 1 through 36 by this reference as though fully set
25   forth herein.

26       38.    California Government Code § 12940(a) prohibits an employer from discharging
     an employee because of his age. As fully alleged in the Second Cause of Action set forth above,

COMPLAINT FOR WRONGFUL TERMINATION

1    upon information and belief, a substantial factor in Solectron's decision to discharge Plaintiff was

2    his age.

3        39.    As a proximate result of Solectron's discriminatory actions against Plaintiff,

4    Plaintiff has been harmed in that Plaintiff has suffered the loss of the wages, salary, benefits, and

5    additional amounts of money Plaintiff would have received if Solectron had not terminated

6    Plaintiff's employment. As a result of such discrimination and consequent harm, Plaintiff has

7    suffered damages in an amount to be determined according to proof.

8        40.    As a further proximate result of defendant's discriminatory action(s) against

9    Plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered humiliation,

10   mental anguish, and emotional and physical distress, including but not limited to high blood

11   pressure for which he has received medical treatment.  As a result of such discrimination and

12   consequent harm, Plaintiff has suffered such damages in an amount to be determined according to

13   proof.

14       41.    The above-recited actions of Solectron were done with malice, fraud, or oppression,

15   and in reckless disregard of the Plaintiff's rights under FEHA, in that Solectron knew that Plaintiff

16   knew Plaintiff's age, knew that terminating his employment because of his age was unlawful, and,

17   upon information and belief, despite this knowledge terminated Plaintiff's employment because of

18   his age.

19       42.    On April 6, 2005, and within one year of the date of the discrimination committed

20   by defendant, Plaintiff filed a charge of discrimination with FEHA. A copy of this charge is

21   appended hereto, marked "Exhibit A," and is incorporated by this reference as though fully set

22   forth.

COMPLAINT FOR WRONGFUL TERMINATION

43.    On December 19, 2007, FEHA (by and through the EEOC) issued to Plaintiff a notice of right to bring a civil action based on the charge that is "Exhibit A" to this complaint. A copy of this notice of right of action is appended hereto, marked "Exhibit B," and is incorporated by this reference as though fully set forth.

## IV.    FIFTH CAUSE OF ACTION – TORTIOUS DISCHARGE IN VIOLATION OF PUBLIC POLICY

44.    Plaintiff incorporates paragraphs 1 through 43 by this reference as though fully set forth herein.

45.    Solectron's termination of Plaintiff's employment violated several statutes, including Cal. Gov. Code Section 12940(a), and U.S.C. Section 12101 et seq.  Both of the aforementioned statutes provide protection for a person with a medical condition from employment discrimination based on such a medical condition.

46.    As a proximate result of Solectron's conduct as set forth above, Plaintiff has suffered harm, including lost earnings and other employment benefits, humiliation, embarrassment, mental anguish, physical distress, resultant medical expense, and attorneys' fees, all to his damage in an amount to be determined at trial.

47.    The above-recited actions of Solectron were done with malice, fraud, or oppression, and in reckless disregard of the Plaintiff's rights, and Plaintiff hence requests an award of punitive damages against Solectron.

WHEREFORE, Plaintiff demands judgment against defendants, and each of them, as follows:

1. For general back pay, front pay, and other monetary relief according to proof;

COMPLAINT FOR WRONGFUL TERMINATION

2. For general damages according to proof;

3. For Plaintiff's medical expenses incurred for treatment of medical conditions caused by Defendants' discriminatory acts alleged herein;

4. For punitive damages in an amount appropriate to punish Solectron for its wrongful conduct and set an example for others;

5. For interest on the sum of damages awarded, calculated from the date of discrimination to the date of judgment;

6. For reasonable attorney fees incurred herein and costs of suit; and

7. For such other and further relief as may be just and proper.

Date: 3/12/08                          By: _____
                                            Stephen R. Pappas
                                            Attorney for Plaintiff William A.
                                            Ashman

## JURY DEMAND

COMES NOW Plaintiff William A. Ashman, by and through his attorney, Stephen R. Pappas, Esq., and hereby demands trial by jury in this action.

Date: 3/12/08                          By: _____
                                            Stephen R. Pappas
                                            Attorney for Plaintiff William A.
                                            Ashman

COMPLAINT FOR WRONGFUL TERMINATION

**JS 44** (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS

Ashman, William A.

## DEFENDANTS

Solectron Corporation, Does 1 through 10

**(b)** County of Residence of First Listed Plaintiff  Santa Clara, CA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    Santa Clara, CA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Stephen R. Pappas, Esq.
550 S. California Ave. #320
Palo Alto, CA 94306
650-858-8400

Attorneys (If Known)

C08  01430 HRL

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [ ] 3  Federal Question
  (U.S. Government Not a Party)
- [ ] 4  Diversity
  (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                    and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

### CONTRACT
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

### REAL PROPERTY
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury

**PERSONAL INJURY**
- [ ] 362 Personal Injury — Med. Malpractice
- [ ] 365 Personal Injury — Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

### CIVIL RIGHTS
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/Accommodations
- [ ] 444 Welfare
- [ ] 445 Amer. w/Disabilities — Employment
- [ ] 446 Amer. w/Disabilities — Other
- [ ] 440 Other Civil Rights

### PRISONER PETITIONS
- [ ] 510 Motions to Vacate Sentence
  Habeas Corpus:
- [ ] 530 General
- [ ] 535 Death Penalty
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition

### FORFEITURE/PENALTY
- [ ] 610 Agriculture
- [ ] 620 Other Food & Drug
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 630 Liquor Laws
- [ ] 640 R.R. & Truck
- [ ] 650 Airline Regs.
- [ ] 660 Occupational Safety/Health
- [ ] 690 Other

### LABOR
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Mgmt. Relations
- [ ] 730 Labor/Mgmt.Reporting & Disclosure Act
- [ ] 740 Railway Labor Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Empl. Ret. Inc. Security Act

### IMMIGRATION
- [ ] 462 Naturalization Application
- [ ] 463 Habeas Corpus — Alien Detainee
- [ ] 465 Other Immigration Actions

### BANKRUPTCY
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

### SOCIAL SECURITY
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

### FEDERAL TAX SUITS
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit
- [ ] 490 Cable/Sat TV
- [ ] 810 Selective Service
- [ ] 850 Securities/Commodities/Exchange
- [ ] 875 Customer Challenge 12 USC 3410
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 892 Economic Stabilization Act
- [ ] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [ ] 895 Freedom of Information Act
- [ ] 900 Appeal of Fee Determination Under Equal Access to Justice
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

- [ ] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. 12101, 29 U.S.C. 623

Brief description of cause:
Wrongful discharge based on disability and age discrimination

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ According to proof

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)

- [ ] SAN FRANCISCO/OAKLAND
- [ ] SAN JOSE

DATE
3/11/2008

SIGNATURE OF ATTORNEY OF RECORD