Stephen R. Pappas, Esq./Bar No. 158560
550 South California Ave., Suite 320
Palo Alto, California 94306
Telephone:   (650) 858-8400
Facsimile:   (650) 858-8411
Email:  steve@stephenpappas.com

**Attorney for Plaintiff
William A. Ashman**

FILED

2008 MAR 18  A 11: 15

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AT SAN JOSE

| | |
|---|---|
| WILLIAM A. ASHMAN,<br><br>Plaintiff,<br><br>vs.<br><br>SOLECTRON CORPORATION, a Delaware Corporation, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.:  5:08-cv-01430-HRL<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES FOR DISCRIMINATION IN EMPLOYMENT BASED ON DISABILITY AND AGE, IN VIOLATION OF:  (1) 42 U.S.C. §§ 12101 *ET SEQ.*; (2) 29 U.S.C. §§ 623 *ET SEQ.*; AND (3) CAL. GOV. CODE SECTION 12940(a);**<br><br>**AND JURY DEMAND** |

COMES NOW Plaintiff William A. Ashman ("Plaintiff"), by and through his attorney of record herein, Stephen R. Pappas, Esq., and by way of Complaint against Defendants, hereby alleges as follows:

///

///

---
1
FIRST AMENDED COMPLAINT FOR WRONGFUL TERMINATION

## I. INTRODUCTION

1. Plaintiff was employed by Defendant Solectron Corporation, a Delaware corporation ("Solectron"), for 20 months, commencing July 21, 2003. On September 15, 2004, Plaintiff, age 53 at the time, was diagnosed with cancer. Plaintiff notified Solectron of his cancer on September 15, 2004. As a result of medical treatment for his cancer, Plaintiff took a leave of absence from his employment with Solectron from October 22, 2004 to February 21, 2005. Defendant Solectron was at all times aware that Plaintiff's leave of absence was for medical treatment of his cancerous condition. Upon information and belief, during Plaintiff's leave of absence, Solectron selected him for termination effective March 31, 2005 because of the fact that he was on leave of absence for cancer, and because of his age. Upon information and belief, on March 31, 2005, Defendant Solectron terminated Plaintiff's employment because of the fact that he was on leave for his cancer disability, and because of his age. Plaintiff now brings this action for wrongful termination under federal and state law.

## II. JURISDICTION AND VENUE

2. Original subject matter jurisdiction lies in this court pursuant to 28 U.S.C. § 1331 by virtue of the presentation of questions of federal law under 42 U.S.C. §§ 12101 *et seq.* and 29 U.S.C. §§ 623 *et seq.*

3. At all times relevant hereto, Plaintiff Ashman resided in San Jose, California and was employed by Solectron at its place of business located at 1007 Gibraltar Drive, Milpitas, California. Venue therefore lies in the Northern District of California pursuant to 28 U.S.C. § 1391(b)(1) and (2).

4. Plaintiff filed a charge of disability and age discrimination against Defendant Solectron in relation to the facts alleged in this Complaint with the United States Equal Opportunity

Commission ("EEOC") on April 6, 2005, and was issued a Right-to-Sue letter on this charge, which was mailed to Plaintiff by the EEOC on or about December 19, 2008 and received by him on or about December 21, 2008, a true and correct copy of which is attached hereto as Exhibit "B" and the contents of which are incorporated herein by this reference.

### III. GENERAL ALLEGATIONS

5.  Plaintiff does not know the true names of defendants DOES 1 through 10, inclusive, and therefore sues them by those fictitious names. Plaintiff is informed and believes, and on the basis of that information and belief alleges, that each of those defendants were in some manner proximately responsible for the events and happenings alleged in this complaint and for Plaintiff's injuries and damages.

6.  Plaintiff is informed and believes, and on the basis of that information and belief alleges, that at all times mentioned in this complaint, defendants were the agents and employees of their codefendants, and in doing the things alleged in this complaint were acting within the course and scope of that agency and employment.

7.  In July, 2003, Solectron hired Plaintiff as an information technology officer to perform services at 1007 Gibraltar Drive, Milpitas, California. At all times relevant to the causes of action set forth in this Complaint, Plaintiff's job title with Solectron was IT Server Administrator.

8.  Upon information and belief, at all times relevant hereto, and in particular, for a period of at least one year preceding any acts of discrimination alleged herein, in each working day Solectron employed 50 or more people within a 75 mile radius of 1007 Gibraltar Drive, Milpitas, California.

9.  As of the date of termination of his employment with Solectron, March 31, 2005, Plaintiff's salary was $81,600.00 per year. The year prior to his termination, 2004, Plaintiff had been awarded a performance bonus by Solectron of $4,759.15. During and as a result of his employment with Solectron, Solectron provided Plaintiff with a full panoply of additional benefits, including but not limited to medical and dental/vision insurance, with an approximate value of $40,800.00 per year.

10. On or about September 15, 2004, Plaintiff was diagnosed with cancer.

11. On or about September 25, 2004, Plaintiff advised his supervisor and staff members of Solectron's Human Resources Department that he suffered from cancer.

12. On or about October 22, 2004, acting pursuant to physician's instructions, Plaintiff took leave of absence from Solectron while undergoing radiation therapy and chemotherapy for his cancer. Prior to taking this leave, Plaintiff notified Solectron of his intent to take this leave, and the above-alleged reason for this leave. Solectron granted Plaintiff this leave of absence without any expressed reservation.

### IV. FIRST CAUSE OF ACTION: VIOLATION OF AMERICANS WITH DISABILITIES ACT (42 U.S.C. §§ 12101 et seq.)

13. Plaintiff hereby incorporates by this reference as though fully set forth herein paragraphs 1 through 12 of this complaint.

14. This cause of action is brought pursuant to 42 U.S.C. §§ 12101 et seq., the Americans with Disabilities Act ("ADA").

15. Under the ADA, the term "qualified individual with a disability" means an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires. 42 U.S.C. § 12111(8). Plaintiff is a qualified individual with a disability under the ADA as (1) he has a

4
FIRST AMENDED COMPLAINT FOR WRONGFUL TERMINATION

disability as he has cancer; (2) with or without reasonable accommodation, he can perform essential functions for the employment position he held.

16. Under the ADA, Solectron had a duty to allow Plaintiff to continue employment if, with or without reasonable accommodations, Plaintiff could fulfill the essential functions of the position. 42 U.S.C. § 12112(b)(5). Solectron never instigated the interactive process to explore such an accommodation. Rather, upon information and belief, because of his disability and the fact that he had taken leave for medical treatment, Solectron terminated Plaintiff's employment on March 31, 2005. The granting of medical leave to Plaintiff would have been a reasonable accommodation, especially since his actual termination did not take place until after his return to duty when he was fully capable of performing all aspects of his job. Thus, Solectron breached its statutory duty to Plaintiff.

17. As a proximate result of Solectron's actions as set forth above, Plaintiff has suffered harm, including lost earnings and other employment benefits, humiliation, embarrassment, mental anguish, physical distress, resultant medical expense, and attorneys' fees, all to his damage in an amount to be determined at trial.

18. Plaintiff is informed and believes that Solectron acted with malice or with reckless indifference to Plaintiff's federally protected rights in terminating Plaintiff's employment, and thus Plaintiff seeks punitive damages.

### IV. SECOND CAUSE OF ACTION: VIOLATION OF AGE DISCRIMINATION IN EMPLOYMENT ACT (29 U.S.C. §§ 623 *et seq.*)

19. Plaintiff hereby incorporates by this reference as though fully set forth herein paragraphs 1 through 18 of this complaint.

20. This cause of action is brought pursuant to 29 U.S.C. §§ 623 *et seq.*, the Age Discrimination in Employment Act (ADEA).

21. As a person of an age greater than 40 years, Plaintiff was protected from discrimination in his employment based upon his age. 29 U.S.C. §§ 623, 631(a).

22. By way of pleading in the cumulative, and in the alternative, upon information and belief a substantial factor in Solectron's decision to terminate Plaintiff's employment was his age.

23. As a proximate result of Solectron's actions as set forth above, Plaintiff has suffered harm, including lost earnings and other employment benefits, humiliation, embarrassment, mental anguish, physical distress, resultant medical expense, and attorneys' fees, all to his damage in an amount to be determined at trial.

24. Plaintiff is informed and believes that Solectron acted with malice or with reckless indifference to Plaintiff's federally protected rights in terminating Plaintiff's employment, and thus Plaintiff seeks punitive damages.

## V. THIRD CAUSE OF ACTION: FAILURE TO ACCOMMODATE MEDICAL CONDITION (Cal. Gov. Code § 12940(a))

25. Plaintiff incorporates paragraphs 1 through 24 by this reference as though fully set forth herein.

26. Defendant Solectron is a corporation organized and existing under the laws of the Delaware and is subject to suit under the California Fair Employment and Housing Act, California Government Code §§ 12900 et seq. ("FEHA"), in that Solectron regularly employs five or more persons (Cal. Gov. Code § 12926(d)).

27. Plaintiff is a person with a medical condition entitled to protection under FEHA as Plaintiff has cancer. Under Cal. Gov. Code § 12926(h)(1), the term "Medical Condition" includes any health impairment related to or associated with a diagnosis of cancer or a record or history of cancer.

28. Solectron was aware of plaintiff's medical condition, because Plaintiff informed Defendant of such medical condition on September 15, 2004

29. On March 31, 2005, Solectron failed to reasonably accommodate Plaintiff's needs based on his medical condition in that Solectron terminated Plaintiff's employment despite the fact that Plaintiff had returned to work and was fully discharging his employment duties in a competent and satisfactory manner.

30. At all times mentioned herein, Plaintiff was willing and able to perform the duties and functions of his position if such a reasonable accommodation had been made by Solectron. At no time would the performance of the functions of the employment position, with a reasonable accommodation for Plaintiff's medical condition have been a danger to Plaintiff's or any other person's health or safety, nor would it have created an undue hardship to the operation of Solectron's business.

31. Solectron's actions against Plaintiff, as alleged above, constitute unlawful discrimination in employment on account of a medical condition, in violation of California Government Code Section 12940(a).

32. As a proximate result of Solectron's discriminatory actions against Plaintiff, Plaintiff has been harmed in that Plaintiff has suffered the loss of the wages, salary, benefits, and additional amounts of money Plaintiff would have received if Solectron had not terminated Plaintiff's employment. As a result of such discrimination and consequent harm, Plaintiff has suffered damages in an amount to be determined according to proof.

33. As a further proximate result of defendant's discriminatory action(s) against Plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered humiliation, mental anguish, and emotional and physical distress, including but not limited to high blood

pressure for which he has received medical treatment. As a result of such discrimination and consequent harm, Plaintiff has suffered such damages in an amount to be determined according to proof.

34. The above-recited actions of Solectron were done with malice, fraud, or oppression, and in reckless disregard of the Plaintiff's rights under FEHA, in that Solectron knew that Plaintiff took medical leave for treatment of his cancer condition, and knew of or disregarded the likelihood that after a reasonable period of time Plaintiff would be able to return to his full employment duties on a full time basis. Particularly, Solectron disregarded the fact that, after Plaintiff returned from his medical leave of absence, Plaintiff fully discharged his employment duties in a competent manner.

35. On April 6, 2005, and within one year of the date of the discrimination committed by defendant, Plaintiff filed a charge of discrimination with FEHA. A copy of this charge is appended hereto, marked "Exhibit A," and is incorporated by this reference as though fully set forth.

36. On December 19, 2007, FEHA (by and through the EEOC) issued to Plaintiff a notice of right to bring a civil action based on the charge that is "Exhibit A" to this complaint. A copy of this notice of right of action is appended hereto, marked "Exhibit B," and is incorporated by this reference as though fully set forth.

## VI. FOURTH CAUSE OF ACTION: AGE DISCRIMINATION IN EMPLOYMENT
### (Cal.Gov. Code § 12940(a))

37. Plaintiff incorporates paragraphs 1 through 36 by this reference as though fully set forth herein.

38. California Government Code § 12940(a) prohibits an employer from discharging an employee because of his age. As fully alleged in the Second Cause of Action set forth above,

upon information and belief, a substantial factor in Solectron's decision to discharge Plaintiff was his age.

39. As a proximate result of Solectron's discriminatory actions against Plaintiff, Plaintiff has been harmed in that Plaintiff has suffered the loss of the wages, salary, benefits, and additional amounts of money Plaintiff would have received if Solectron had not terminated Plaintiff's employment. As a result of such discrimination and consequent harm, Plaintiff has suffered damages in an amount to be determined according to proof.

40. As a further proximate result of defendant's discriminatory action(s) against Plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered humiliation, mental anguish, and emotional and physical distress, including but not limited to high blood pressure for which he has received medical treatment. As a result of such discrimination and consequent harm, Plaintiff has suffered such damages in an amount to be determined according to proof.

41. The above-recited actions of Solectron were done with malice, fraud, or oppression, and in reckless disregard of the Plaintiff's rights under FEHA, in that Solectron knew that Plaintiff knew Plaintiff's age, knew that terminating his employment because of his age was unlawful, and, upon information and belief, despite this knowledge terminated Plaintiff's employment because of his age.

42. On April 6, 2005, and within one year of the date of the discrimination committed by defendant, Plaintiff filed a charge of discrimination with FEHA. A copy of this charge is appended hereto, marked "Exhibit A," and is incorporated by this reference as though fully set forth.

43. On December 19, 2007, FEHA (by and through the EEOC) issued to Plaintiff a notice of right to bring a civil action based on the charge that is "Exhibit A" to this complaint. A copy of this notice of right of action is appended hereto, marked "Exhibit B," and is incorporated by this reference as though fully set forth.

## IV. FIFTH CAUSE OF ACTION – TORTIOUS DISCHARGE IN VIOLATION OF PUBLIC POLICY

44. Plaintiff incorporates paragraphs 1 through 43 by this reference as though fully set forth herein.

45. Solectron's termination of Plaintiff's employment violated several statutes, including Cal. Gov. Code Section 12940(a), and U.S.C. Section 12101 et seq. Both of the aforementioned statutes provide protection for a person with a medical condition from employment discrimination based on such a medical condition.

46. As a proximate result of Solectron's conduct as set forth above, Plaintiff has suffered harm, including lost earnings and other employment benefits, humiliation, embarrassment, mental anguish, physical distress, resultant medical expense, and attorneys' fees, all to his damage in an amount to be determined at trial.

47. The above-recited actions of Solectron were done with malice, fraud, or oppression, and in reckless disregard of the Plaintiff's rights, and Plaintiff hence requests an award of punitive damages against Solectron.

WHEREFORE, Plaintiff demands judgment against defendants, and each of them, as follows:

1. For general back pay, front pay, and other monetary relief according to proof;

2. For general damages according to proof;

3. For Plaintiff's medical expenses incurred for treatment of medical conditions caused by Defendants' discriminatory acts alleged herein;

4. For punitive damages in an amount appropriate to punish Solectron for its wrongful conduct and set an example for others;

5. For interest on the sum of damages awarded, calculated from the date of discrimination to the date of judgment;

6. For reasonable attorney fees incurred herein and costs of suit; and

7. For such other and further relief as may be just and proper.

Date: 3/17/08

By: /s/ Stephen R. Pappas
Stephen R. Pappas
Attorney for Plaintiff William A. Ashman

## JURY DEMAND

COMES NOW Plaintiff William A. Ashman, by and through his attorney, Stephen R. Pappas, Esq., and hereby demands trial by jury in this action.

Date: 3/17/08

By: /s/ Stephen R. Pappas
Stephen R. Pappas
Attorney for Plaintiff William A. Ashman

FIRST AMENDED COMPLAINT FOR WRONGFUL TERMINATION

EEOC Form 5 (5/01)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

Charge Presented To:
- [ ] FEPA
- [X] EEOC

Agency(ies) Charge No(s): 377-2005-00398

California Department Of Fair Employment & Housing
*State or local Agency, if any* and EEOC

**Name** (Indicate Mr., Ms., Mrs.): Mr. William A. Ashman
**Home Phone No.** (Incl Area Code): (408) 274-3245
**Date of Birth**: 04-27-1951
**Street Address**: 3312 Flintmont Drive San Jose, CA 95148

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

**Name**: SOLECTRON/Global IT
**No. Employees, Members**: 500 or More
**Phone No.**: (408) 957-8500
**Street Address**: 1007 Gibraltar Drive, Milpitas, CA 95035

**DISCRIMINATION BASED ON**: [X] AGE  [X] DISABILITY

**DATE(S) DISCRIMINATION TOOK PLACE**
Latest: 03-16-2005

**THE PARTICULARS ARE**:

I was hired by Respondent on July 21, 2003. My most recent title was IT Server Administrator. On or around September 16, 2004, Respondent became aware of my disability. From October 22, 2004 to February 21, 2005, I went on a leave of absence in order to receive treatment for my disability. Respondent was aware of this. On March 16, 2005, in a meeting with Nasser Mirzai, CA-ITSS Manager and Eldridge Gibson, Human Resources Business Partner, I was notified that I had been selected to be laid off. I was the only individual to be selected for layoff.

Respondent has stated its restructuring plans as the reason that I was selected for the lay off. Respondent also states in the letter notifying me of my layoff that, "this restructuring effort is not a reflection of how people have performed within Global IT".

I believe that I have been discriminated against in violation of the Americans with Disabilities Act of 1990, as amended and because of my age, 54, in violation of the Age Discrimination in Employment Act of 1967, as amended.

Exhibit "A"

EEOC Form 161-A (3/98)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE
*(CONCILIATION FAILURE)*

To: William A. Ashman
3312 Flintmont Drive
San Jose, CA 95148

From: San Francisco District Office
350 The Embarcadero
Suite 500
San Francisco, CA 94105

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 377-2005-00398 | Michelle L. Nardella, Enforcement Manager | (415) 625-5628 |

**TO THE PERSON AGGRIEVED:**

This Notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### – NOTICE OF SUIT RIGHTS –
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this Notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosure(s)

*[signature]* Michael Baldonado
for H. Joan Ehrlich,
District Director

12/10/07
(Date Mailed)

cc: SOLECTRON CORPORATION
1007 Gibraltar Drive
Milpitas, CA 95035

**Exhibit "B"**

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY                                ARNOLD SCHWARZENEGGER, Governor

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
(SEE ADDRESS CHECKED BELOW)



TTY # (800) 700-2320

☐  1001 Tower Way, Suite 250
   Bakersfield, CA 93309
H  (661) 395-2729

☐  1320 E. Shaw Avenue, Suite 150
   Fresno, CA 93710
C  (559) 244-4760

☐  611 West Sixth Street, Suite 1500
   Los Angeles, CA 90017
B  (213) 439-6799

☐  1515 Clay Street, Suite 701
   Oakland, CA 94612
M  (510) 622-2941

☐  2000 "O" Street, Suite 120
   Sacramento, CA 95814
E  (916) 445-5523

☐  1350 Front Street, Suite 3005
   San Diego, CA 92101
D  (619) 645-2681

☐  121 Spear Street, Suite 430
   San Francisco, CA 94105
A  (415) 904-2303

☒  111 North Market Street, Suite 810
   San Jose, CA 95113
G  (408) 277-1277

☐  2101 East Fourth Street, Suite 255-B
   Santa Ana, CA 92705
K  (714) 558-4266

E E O C   NUMBER : 377-2005-00398

CASE NAME : WILLIAM A. ASHMAN  v.
                 SOLECTRON

DATE : April 19, 2005

## NOTICE TO COMPLAINANT AND RESPONDENT

This is to advise you that the above-referenced complaint is being referred to the California Department of Fair Employment and Housing (DFEH) by the U.S. Equal Employment Opportunity Commission (EEOC). The complaint will be filed in accordance with California Government Code section 12960. This notice constitutes service pursuant to Government Code section 12962.

**No response to the DFEH is required by the respondent.**

The EEOC will be responsible for the processing of this complaint. DFEH will not be conducting an investigation into this matter. EEOC should be contacted directly for any discussion of the charge. DFEH is closing its case on the basis of "processing waived to another agency."

## NOTICE TO COMPLAINANT OF RIGHT-TO-SUE

Since DFEH will not be issuing an accusation, this letter is also your right-to-sue notice. According to Government Code section 12965, subdivision (b), you may bring a civil action under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The lawsuit may be filed in a State of California Superior or Justice Court. Government Code section 12965, subdivision (b), provides that such a civil action must be brought within one year from the date of this notice. Pursuant to Government Code section 12965, subdivision (d)(1), this one-year period will be tolled during the pendency of the EEOC's investigation of your complaint. You should consult an attorney to determine with accuracy the date by which a civil action must be filed. This right to file a civil action may be waived in the event a settlement agreement is signed. Questions about the right to file under federal law should be referred to the EEOC.

The DFEH does not retain case records beyond three years after a complaint is filed.

**Remember:** This Right-To-Sue Notice allows you to file a private lawsuit in State court.

Sincerely,

WANDA J. KIRBY
Deputy Director
Enforcement Division

## Reinstatement of Tolling Agreement

The undersigned parties hereby agree to reinstate the Tolling Agreement between them dated August 14, 2007, such that it shall be effective through March 21, 2008.

**SO AGREED: CLAIMANTS:**

Date: *[signature]*

By: 3/17/08
Stephen Pappas, Counsel for
John Sala, individually and as
shareholder representative of
Corporate Motors, Inc. and
member representative of
Corporate Motors, LLC

**Respondents:**

Date: 3/14/2008

By: *[signature]*
William Adams counsel for
Corporate Motors, Inc. and
Corporate Motors Sacramento, LLC

Date: *[signature]*
Robert Rao, individually