1    Counsel appear on the following page

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                        NORTHERN DISTRICT OF CALIFORNIA

10                               SAN JOSE DIVISION

11   WILLIAM A. ASHMAN,                    Case No.  5:08-CV-01430 JF

12              Plaintiff,                 **JOINT REPORT OF RULE 26(F)**
                                           **CONFERENCE**
13         v.
                                           Honorable Jeremy Fogel
14   SOLECTRON CORPORATION, a              Complaint Filed: March 13, 2008
     Delaware Corporation, and DOES 1
15   THROUGH 10, inclusive,

16              Defendants.

17

18

19

20

21

22

23

24

25

26

27

28

1    Stephen R. Pappas, Bar No. 158560
     550 South California Ave., Suite 320
2    Palo Alto, California 94306
     Telephone:    650.858.8400
3    Facsimile:    650.858.8411
     steve@stephenpappas.com
4

5    Attorney for Plaintiff
     William A. Ashman
6

7

8    LITTLER MENDELSON
     A Professional Corporation
9    Robert J. Wilger, Bar No. 168402
     Benjamin A. Emmert, Bar No. 212157
10   50 West San Fernando Street, 15th Floor
     San Jose, CA  95113.2303
11   Telephone:    408.998.4150
     Facsimile:    408.288.5686
12   rwilger@littler.com
     bemmert@littler.com
13

14   Attorneys for Defendant
     Solectron Corporation
15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT REPORT OF RULE 26(F)
CONFERENCE                          2.                    Case No. (C-08 01430 JF)

Counsel for Plaintiff and counsel for Defendant met telephonically on June 4, 2008 and prepared the following joint report. A pretrial conference has been set in this matter for August 1, 2008 at 10:30 a.m. in Courtroom 3.

### 1.    JURISDICTION AND SERVICE

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this case is being brought under the provisions of 42 U.S.C. §§ 12101 *et seq*. and 29 U.S.C. §§ 623 *et seq*. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367. The parties are unaware of any service of process, personal jurisdiction, subject matter jurisdiction, or venue issues at this time.

### 2.    FACTS

#### A.    Plaintiff's Allegations

Plaintiff's Complaint alleges five causes of action for: (1) violation of the American's with Disabilities Act, 42 U.S.C. §§ 12101 *et seq*.; (2) violation of the Age in Employment Discrimination Act, 29 U.S.C. §§ 623 *et seq*.; (3) failure to accommodate medical condition under California Government Code section 12940(a); (4) age discrimination under California Government Code section 12940(a); and, (5) tortious discharge in violation of public policy under California law.

Plaintiff started working for Solectron Corporation July 21, 2003. Plaintiff was 52 years old when hired by Solectron Corporation. Plaintiff alleges he was diagnosed with cancer in September 2004. Plaintiff claims he notified Solectron Corporation of his diagnosis and requested a leave of absence while undergoing treatment. Solectron Corporation granted his leave of absence request. Plaintiff claims Solectron Corporation terminated his employment on March 31, 2005 because of his medical condition, his leave of absence, and/or because of his age. Plaintiff claims damages include lost earnings and other employment benefits, emotional distress, and medical expenses.

#### B.    Defendant's Allegations

Defendant released Plaintiff on March 31, 2005 due to a reduction in workforce. Plaintiff was hired as a Network Systems Analyst in 2003. In the fall of 2004, to adapt to changing

market conditions and customer contract constraints, Defendant instituted a process to move certain aspects of its operation to lower cost locations.  Plaintiff's position, as well as the positions of other workers at the same facility performing the same work as Plaintiff, were selected for transfer to Guadalajara, Mexico.  Plaintiff was therefore released when his position was transferred.  Defendant denies Plaintiff was released due to his medical condition, his leave of absence, and/or his age.  Plaintiff's alleged disability was fully accommodated by Defendant.  Defendant also contends Plaintiff failed to mitigate his damages as a result of his conviction on July 19, 2007 for violating California Penal Code section 502(c)(a), unauthorized access to and copying of Defendant's computer files, which resulted in the termination of his employment by his subsequent employer.

### 3.    DISPUTED FACTUAL AND LEGAL ISSUES

The principle legal and factual disputes in this case are:

- Whether Plaintiff is a qualified individual with a disability for the purposes of the American's with Disabilities Act;
- Whether Plaintiff's is a qualified individual with a disability or medical condition for the purposes of California's Fair Employment and Housing Act;
- Whether Plaintiff was terminated by Defendant because of a disability, medical condition, or because of his age;
- Whether Defendant failed to accommodate Plaintiff's alleged disability;
- Whether Plaintiff was terminated by Defendant because of a reduction in Defendant's work force;
- Whether Plaintiff has suffered any legally compensable damages as a result of any act or omission by Defendant;
- Whether Plaintiff has properly mitigated any damages allegedly incurred as a result of any act or omission by Defendant;
- Whether Plaintiff's criminal conviction constitutes "unclean hands" sufficient to preclude recovery in this case.

**4.    MOTIONS**

There are no current motions before the court.  Defendant may file a motion for summary judgment or motion for partial judgment.

**5.    AMENDMENT OF PLEADINGS**

There are no current or expected amendments to the pleadings at this time.  The parties will meet and confer in the event either party seeks to add new parties, claims, or defenses.

**6.    EVIDENCE PRESERVATION**

The parties have made efforts to preserve both electronic and other evidence, including putting a destruction hold on potentially relevant electronic and other information and documents.

**7.    DISCLOSURES**

The parties agree to exchange initial disclosures on or before July 3, 2008.

**8.    DISCOVERY**

No discovery has taken place to date.  The parties have agreed to conduct discovery within the limitations of the Federal Rules of Civil Procedure.  The parties have also agreed that discovery will be limited to the claims and defenses raised in the parties' pleadings, including Plaintiff's claimed medical condition subject to a suitable protective order.  Any information stored in an electronic format will be produced in a hard copy or by PDF.  The parties have also agreed to revisit the limitations on discovery in the event either party needs to conduct discovery in excess of the limits imposed by the Federal Rules of Civil Procedure.

**9.    CLASS ACTION**

This is not a class action.

**10.    RELATED CASES**

There are no related cases.

**11.    RELIEF**

Plaintiff's prayer for relief is contained on pages 10 and 11 of the Complaint. Plaintiff is seeking damages consisting of back pay, front pay, general damages, medical expenses, punitive damages, interest and attorney's fees.  Because no discovery responses have been

1  exchanged in this case, the parties are unable to calculate the claimed damages at this time.

2  Defendant has not filed a counter claim and is therefore not seeking any affirmative relief from the

3  Court in this matter.

4  **12.  SETTLEMENT AND ADR**

5  The parties have held initial informal settlement discussions but have been unable to

6  reach an amicable resolution.  The parties have agreed to participate in Early Neutral Evaluation as

7  the ADR process.

8  **13.  CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

9  The matter has been assigned to the Honorable U.S. District Court Judge Jeremy

10  Fogel.  Plaintiff and Defendant do not consent to assignment to a Magistrate Judge for all purposes.

11  **14.  OTHER REFERENCES**

12  The parties do not agree to binding arbitration, nor do they believe this matter is

13  suitable for reference to a special master, or the Judicial panel on Multidistrict Litigation.

14  **15.  NARROWING OF ISSUES**

15  The parties agree it is too early in the litigation to determine whether issues can be

16  narrowed for trial to expedite the presentation of evidence.  The parties agree to work in good faith

17  to determine is any issues may be narrowed as the case progresses.

18  **16.  EXPEDITED SCHEDULE**

19  The parties do not believe this matter can be resolved in an expedited schedule.

20  **17.  SCHEDULE**

21  The parties propose the following schedule:

22  • Discovery completed – March 31, 2009;

23  • Designation of experts – March 31, 2009;

24  • Expert discovery completed – April 30, 2009;

25  • Hearing on dispositive motions – May 29, 2009;

26  • Proposed trial date – August 31, 2009.

27

28

1

**18.   TRIAL**

Plaintiff has demanded a jury trial.   The parties anticipate the trial will last approximately 4 days.

**19.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Plaintiff has not yet filed the "Certification of Interested Entities or Persons" pursuant to Civil L.R. 3-16.   Plaintiff will file his Certificate prior the Case Management Conference. Defendant filed its Certification on April 9, 2008.


Dated: June 13, 2008

By:_____/s/_____
Stephen R. Pappas
Attorneys for Plaintiff
William A. Ashman



Dated: June 13, 2008

LITTLER MENDELSON
A Professional Corporation


By:_____/s/_____
Robert J. Wilger
Attorneys for Defendant
SOLECTRON CORPORATION

Firmwide:85476088.1 014692.1116

JOINT REPORT OF RULE 26(F)
CONFERENCE                                    7.                          Case No. (C-08 01430 JF)