**E-FILED 6/12/2009**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WILLIAM A. ASHMAN, | No. C08-01430 HRL |
| Plaintiff, | **ORDER (1) GRANTING PLAINTIFF'S MOTION TO COMPEL; AND (2) GRANTING IN PART PLAINTIFF'S MOTION FOR SANCTIONS** |
| v. | |
| SOLECTRON CORPORATION, | **[Re: Docket Nos. 45, 49]** |
| Defendant. | |

Plaintiff William A. Ashman sues for alleged wrongful termination based on his age and disability. Presently before this court is his motion for an order compelling defendant Solectron Corporation ("Solectron") to produce further documents and striking Solectron's discovery objections. Ashman also seeks monetary sanctions. Solectron opposes the motions. Upon consideration of the moving and responding papers as well as the arguments of counsel, this court grants the motion to compel and grants in part the motion for sanctions.

**I. BACKGROUND**

Ashman was employed by Solectron as an IT server administrator at defendant's Milpitas, California facility. Shortly after he was hired, Ashman, who was about 52 years old at that time, was diagnosed with cancer. He subsequently took two leaves of absence.

During plaintiff's second leave of absence, Solectron began a workforce reorganization that included employee layoffs. After Ashman returned to work in February 2005, he learned

1    that he was part of the reduction in force.  Precisely when and how Ashman learned this is
2    disputed.  Solectron contends that Ashman was notified of his impending layoff upon or shortly
3    after he returned to work.  Ashman disagrees.  He claims that after he returned from his second
4    leave of absence, he was asked to help with certain administrative aspects of the reorganization.
5    He says that in the performance of those duties, he discovered documents indicating that he was
6    among the employees to be laid off.  These documents reportedly included an organizational
7    chart and PowerPoint materials which showed that Ashman was to be terminated because of his
8    leaves of absence.  Plaintiff says that he downloaded these so-called "smoking gun" documents
9    and brought them to the attention of his supervisor, who reportedly told him not to worry about
10   it.  According to Ashman, Solectron then deleted the documents from its system and informed
11   him on March 14, 2005 that he would be laid off and that his last day of employment would be
12   March 31, 2005.  Ashman retained possession of a number of Solectron documents when he
13   was terminated.
14        Alfred Cheung is identified as a contract worker who filled in for Ashman during his
15   leaves of absence.  Plaintiff contends that after he was laid off, Solectron hired Cheung (who
16   reportedly was less than 40 years old at the time) as a regular employee to perform the job
17   previously held by Ashman.
18        Solectron says that sometime after Ashman's termination, it discovered that plaintiff
19   was trespassing its computer network and accessing email communications of its high-level
20   management.  Ashman was arrested and later pled no contest to a misdemeanor violation of Cal.
21   Penal Code § 502(c)(2).
22        As part of his Fed. R. Civ. P. 26 initial disclosures, Ashman produced a number of
23   documents which evidently were obtained during his employment and after his termination,
24   including some documents that Solectron claims are privileged.  Solectron subsequently moved
25   to dismiss the complaint as a sanction for plaintiff's improper retention and theft of Solectron
26   documents.  It also moved to disqualify Ashman's counsel.  In the alternative, Solectron sought
27   an order (a) directing plaintiff to return all Solectron documents and (b) barring their use in this
28   lawsuit.

1  The instant discovery dispute largely concerns the proper interpretation of Judge Fogel's December 1, 2008 order granting in part and denying in part Solectron's motion. Solectron's motion to dismiss was denied, as was its motion for disqualification. As for Solectron's request for the return of the documents in dispute, Judge Fogel's order provides, in relevant part:

> In the instant case, the documents at issue (except for privileged documents) likely would have been produced by Solectron. In such circumstances, courts have been hesitant to exclude the use of such documents entirely. *See Herrera*, 1998 WL 229499, at *5. Moreover, excluding or severely limiting the use of the documents in the instant action may create a "windfall strategic advantage" for Solectron because at least several of the documents at issue form the crux of Ashman's allegations. *See id.* Accordingly, within seven days of this order Ashman shall return all Solectron documents in his possession, whether in electronic or hard-copy form, and any copies that remain in his possession shall be destroyed. Ashman is barred from using or referring to any privileged content within the documents. After all the documents are returned to Solectron, Ashman will be permitted to use any document produced by Solectron during the normal course of discovery. Ashman will be responsible for the expenses incurred by Solectron in connection with making the instant motions. *See Herrera*, 1998 WL 229499, at *3.

(Pappas Decl., Ex. F (Dec. 1, 2008 Order at 7-8)).

Ashman says that he broadly construed Judge Fogel's order and returned to Solectron all documents in his possession having anything to do with the company and his employment there – including his offer letter, documents concerning his severance package and health benefits, as well as the alleged "smoking gun" documents indicating that he was terminated because of his leaves of absence. He subsequently served several sets of document requests on Solectron – the vast majority of which seek the production of the documents returned pursuant to Judge Fogel's order. He now moves for an order compelling Solectron to produce responsive documents. The disputed documents fall into two general categories: (1) documents pertaining to Alfred Cheung; and (2) returned documents that Ashman claims are relevant and have not yet been produced.

3

## II. DISCUSSION

A. <u>Solectron's Procedural Objections</u>

Defendant asserts several procedural objections – chief among them is Solectron's assertion that plaintiff failed to properly meet-and-confer on all documents in dispute. See CIV. L.R. 37-1(a). The record presented indicates that the parties engaged in extensive meet-and-confer negotiations, including at least one in-person conference. Moreover, at oral argument, the parties confirmed that further meet-and-confer negotiations at this time would not be fruitful. Accordingly, this court declines to deny plaintiff's motion on this basis. Nor does this court find that Solectron's other procedural objections warrant outright denial of the instant discovery motion.

B. <u>Documents re Alfred Cheung (Request for Documents, Set 2)</u>

The requests at issue here are as follows:

<u>Request No. 3</u>: Produce all documents relating to Alfred Cheung's employment by Solectron Corporation, as an employee and/or contractor, including but not limited to an email sent by June Babilla to personnel supervised by her introducing Alfred Cheung.

<u>Request No. 4</u>: Produce Alfred Cheung's employee file.

As noted above, plaintiff claims that Solectron wrongfully terminated him and then hired a younger worker, Cheung, as a regular employee, to replace him. He says that this is corroborated by some of the documents that were returned to Solectron pursuant to Judge Fogel's December 1, 2008 order. (The documents returned by Ashman are addressed separately below.)

Solectron contends that these requests violate Cheung's privacy rights and that Cheung never was a Solectron employee. Solectron maintains that Cheung was an independent contractor hired through a third party. In any event, defendant says that, other than the documents returned by Ashman, it has not located any responsive documents.

Privacy interests do not insulate personnel records from discovery. Federal courts ordinarily balance a claimed privacy right against the need for the information; and, disclosure of personnel files have been ordered where the stated need for the documents outweighs privacy

4

1  interests. See, e.g., Ragge v. MCA/Universal Studios, 165 F.R.D. 601, 604 (C.D. Cal. 1995)
2  (stating that any privacy right in personnel records "may, nevertheless, be invaded for litigation
3  purposes.").

4  Based on the nature of plaintiff's claims, Cheung's personnel records are relevant or
5  reasonably calculated to lead to the discovery of admissible evidence. Cheung's privacy
6  interests can be safeguarded by an appropriate protective order. Moreover, at the motion
7  hearing, Solectron agreed that, at some point in time, there would have been records at the
8  company with respect to Cheung; and, defense counsel agreed to confirm whether there are any
9  such documents. After weighing competing legitimate interests and possible prejudice, this
10 court concludes that such documents should be produced.

11 Accordingly, plaintiff's motion to compel these documents is granted. Solectron shall
12 conduct a diligent inquiry and reasonable search for any responsive records relating to Cheung.
13 All such documents shall be produced within ten days of the date of this order.

14 C.   The Documents Returned to Solectron

15 Essentially, the rest of the disputed requests seek the production of the Solectron
16 documents that Ashman returned pursuant to Judge Fogel's December 1, 2008 order. The
17 requests at issue are as follows:

18 • Request for Documents, Set 1 (Request Nos. 3, 6-7);

19 • Request for Production, Set 2 (Request Nos. 1-2);

20 • As noted above, Ashman's Request for Documents, Set 2 (Request Nos. 3 and 4)
21   as to Cheung are also implicated here to the extent those requests also seek the
22   production of documents Ashman returned to Solectron; and

23 • Request for Production, Set Three (Request Nos. 1-73, 81, 83-85, 88-92, 97-144,
24   144a, 145-158, 160-200, and 202-226).

25 Solectron says that it has produced some of the returned documents to plaintiff – i.e.,
26 documents that it was able to find within its files, such as communications to or from plaintiff,
27 his offer letter, and documents pertaining to his severance package. Thus, the only documents
28 apparently at issue here are those which Solectron says that it has been unable to find in its own

1  files independent of the documents returned by plaintiff.  It argues that these documents need
2  not be produced for a number of reasons – none of which are persuasive.

3  Solectron contends that it is entitled to withhold the remaining returned documents from
4  discovery because, in its view, there may well be problems authenticating a number of them.
5  Authentication, however, goes to admissibility, not discoverability.  Relevance is construed
6  more broadly for discovery purposes than for trial, and information is discoverable even if it
7  might not itself be admissible.  See Fed.R.Civ.P. 26(b)(1) ("Relevant information need not be
8  admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of
9  admissible evidence.").  Here, based upon representations as to their nature, it appears that
10 many of the returned documents go to the very heart of plaintiff's claims.

11 Next, Solectron points out that Judge Fogel's order contemplated the production of
12 documents in the "normal course of discovery" – and, according to Solectron, in the "normal
13 course of discovery," it need only produce documents that it can find in its own files maintained
14 in the regular course of its business.  To be sure, "[a] party must produce documents as they are
15 kept in the usual course of business or must organize and label them to correspond to the
16 categories in the request."  FED.R.CIV.P. 34(b)(2)(E)(i).  However, the issue here is not the
17 *manner* in which documents are to be produced, but whether Solectron must produce the
18 documents at all.

19 Solectron next argues that it does not have "possession, custody or control" of any of the
20 returned documents that it cannot find in its files – such as the documents that reportedly were
21 deleted from the company's system prior to plaintiff's termination.  This argument fails to
22 convince.  Under Fed.R.Civ.P. 34, a party is required to produce responsive documents within
23 its "possession, custody or control."  FED.R.CIV.P. 34(a)(1).  Actual possession or legal
24 ownership is not determinative.  Instead, "federal courts have consistently held that documents
25 are deemed to be within the 'possession, custody or control' for purposes of Rule 34 if the party
26 has *actual* possession, custody or control, or has the legal right to obtain the documents on
27 demand."  In re Bankers Trust Co., 61 F.3d 465, 469 (6th Cir. 1995); see also United States v.
28 Int'l Union of Petroleum & Indus. Workers, 870 F.2d 1450, 1452 (9th Cir. 1989) ("Control is

6

1 defined as the legal right to obtain documents upon demand."). "Decisions from within [the
2 Ninth Circuit] have noted the importance of a legal right to access documents created by statute,
3 affiliation or employment." In re Legato Sys., Inc. Sec. Litig., 204 F.R.D. 167, 170 (N.D. Cal.
4 2001).

5     In this case, there can be no serious dispute that the returned documents are within
6 Solectron's legal "possession, custody, or control." Solectron claims to own the very
7 documents plaintiff seeks to compel – and, on that basis, moved Judge Fogel for an order
8 directing plaintiff to return them. At oral argument, defense counsel acknowledged that the
9 returned documents are in his possession, but argued that his possession cannot be imputed to
10 Solectron. To the contrary, for purposes of discovery under Fed. R. Civ. P. 34, "documents in
11 the possession of a party's *current or former* counsel are deemed to be within that party's
12 'possession, custody or control.'" Johnson v. Askin Capital Mgmt. L.P., 202 F.R.D. 112, 114
13 (S.D.N.Y. 2001) (internal quotations and citations omitted); see also Poole v. Textron, Inc., 192
14 F.R.D. 494, 501 (D. Md. 2000) (same).

15     Solectron nonetheless maintains that Judge Fogel's December 1, 2008 order must be
16 construed as absolutely precluding the production of the remainder of the returned documents.
17 This court disagrees. Indeed, it appears that Judge Fogel believed that wholesale exclusion of
18 the documents would not be fair, and that he contemplated that many of the documents would
19 likely be produced in discovery because they formed the crux of plaintiff's claims.

20     Accordingly, plaintiff's motion to compel is granted. Solectron shall produce all non-
21 privileged returned documents that concern, relate to, pertain to, or have any bearing
22 whatsoever on Ashman's employment and termination, as well as any documents concerning,
23 relating to, or pertaining to Cheung. All such documents shall be produced within ten days of
24 the date of this order. Solectron will not be required to produce any documents legitimately
25 protected from discovery by, e.g., the attorney-client privilege or the work product doctrine.
26 (Plaintiff confirmed at oral argument that he does not seek the production of such documents in
27 any event.) To the extent any documents are withheld as privileged, Solectron shall promptly
28 produce a privilege log identifying what documents are being withheld and the basis for the

7

asserted privilege.  See Fed. R. Civ. P. 26(b)(5).  Solectron is advised that gamesmanship in the designation of documents as privileged or otherwise protected from discovery will not be countenanced.

D.     Plaintiff's Motion for Sanctions

This court finds that Solectron's discovery objections were not substantially justified and that plaintiff should be reimbursed for at least some of the attorney's fees incurred in bringing the instant motions.  See Fed.R.Civ.P. 37(a)(5).  Accordingly, plaintiff's motion for fees and costs is granted in part:  Solectron shall pay to Ashman $2,500.  Payment shall be made within ten days of the date of this order.

SO ORDERED.

Dated:     June 12, 2009

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

8

**5:08-cv-1430 Notice has been electronically mailed to**:

Benjamin A. Emmert bemmert@littler.com

Stephen Robert Pappas PALaw21@aol.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program**.